## WARE v. CITY OF MIAMI.
No. 60 C 1929.

Circuit Court, Dade County.

June 7, 1960.

William W. Charles, Miami, for plaintiff.

Olavi M. Hendrickson, City Attorney, Jack R. Rice, Jr., Ass't. City Attorney, for defendant.

RAY PEARSON, Circuit Judge.

These three cases, numbered 60 C 1929, 60 C 2230 and 60 C 2624, are consolidated before this court for final hearing and the decree herein shall be applicable to all three cases.

These chancery suits came on for hearing before the court being properly at issue on the questions raised in the bills and denied by the answers.

After full consideration of the testimony offered at the final hearing, review of the items admitted in evidence at the final hearing, as well as consideration of the memorandum briefs submitted by counsel for the parties, it is considered, ordered, adjudged and decreed as follows —

1. This court has jurisdiction over the subject matter and parties to this suit.

2. The equities in the cause are with the defendant, the City of Miami, a municipal corporation of the state of Florida, and plaintiffs' prayers seeking declaratory judgments and to quiet their title as to unpaid city assessment liens which are over twenty years old, are denied.

In the interest of clarification and because of public interest in the question, the court states its position in these cases and the opinion of this court briefly as follows —

The City of Miami has published an intent to sell all assessment liens at public auction on June 7, 1960, pursuant to the charter of the City of Miami and statutes of the state of Florida.

The above plaintiffs in the three chancery suits consolidated here have pending against their respective properties certain assessment liens, all of said liens having been assessed more than twenty years prior to the date of the filing of their complaints. These matters are not denied by the city. The principal question presented to this court for decision is whether or not liens which were filed twenty years prior to the present time are uncollectible as a matter of law due to the statutes of the state of Florida placing certain limitations against similar type related actions.

This court finds that the City of Miami pursuant to its charter and the laws of the state of Florida is not bound by any statute of limitation and any and all assessment liens of the City of Miami properly filed are a lien upon the property so assessed until such assessment liens are paid.